19-987-cv
*Dix v. Peters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty.

PRESENT:    DENNIS JACOBS,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


CORY P. DIX and RUBY E. DIX,
                    *Plaintiffs-Appellants,*

            -v-                                    19-987-cv

KATHLEEN A. PETERS and AUTO-OWNERS
INSURANCE COMPANY,
                    *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLANTIFFS-APPELLANTS:        ARMEN J. NAZARIAN, Nazarian Law, P.C.,
                                 Phoenix, New York.

FOR DEFENDANTS-APPELLEES:     HILARY C. BANKER, Burgio, Curvin & Banker, Buffalo, New York, *for* Kathleen A. Peters.

ADONAID C. MEDINA (Gregg D. Weinstock, *on the brief),* Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, New York, *for* Auto-Owners Insurance Company.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Cory P. Dix ("Cory") and Ruby E. Dix appeal from the March 20, 2019 judgment of the district court dismissing their claims against defendant-appellee Kathleen A. Peters for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and defendant-appellee Auto-Owners Insurance Company ("Auto-Owners") for lack of personal jurisdiction pursuant to Rule 12(b)(2).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The facts in the complaint are assumed to be true.  On or about September 29, 2016, Cory, a resident of Virginia, and Peters, a resident of New York, were involved in a motor-vehicle accident in Clay, New York.  Cory suffered serious injuries, and he sought compensation for his medical treatments from Peters's automobile insurance carrier, USAA Insurance ("USAA").  On March 10, 2017, Cory settled his claims with

2

USAA for $100,000, the maximum coverage provided for under Peters's policy. As part

of the settlement, Cory signed a release (the "Release Agreement") in which he agreed

to:

> release, acquit, and forever discharge Kathleen A. Peters
> his/her heirs, executors and assigns, from any liability now
> accrued or hereafter to accrue on account of any and all
> claims or causes of action which I/we now or may hereafter
> have for personal injuries, damage to property, loss of
> services, medical expenses, contribution indemnification,
> losses of damages of any and every kind or nature
> whatsoever, now known or unknown or that may hereafter
> develop, by me/us sustained or received on or about
> September 29, 2016 through an automobile accident.

J. App'x at 97 (the "Release Agreement").[1]

At the time of the incident, plaintiffs also had an automobile insurance

policy with Auto-Owners that included underinsured motorist ("UIM") coverage (the

"UIM Policy"). The UIM Policy provided that Auto-Owners would "pay, in accordance

with Va. Code Ann. Section 38.2-2206, damages which an 'insured' . . . is legally entitled

to recover from the owner or operator of an . . . 'underinsured motor vehicle'" that

resulted from bodily injury or property damage. J. App'x at 60.

After Peters's settlement, which exhausted the USAA policy limit,

plaintiffs made a demand on Auto-Owners for UIM coverage. Auto-Owners failed to

---

[1]     Although the complaint failed to reference or attach the Release Agreement, the district
court properly considered it on a Rule 12(b)(6) motion as a document "integral to the
complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

3

respond, and plaintiffs commenced an action against both Peters and Auto-Owners in the court below. The complaint alleged tort claims against Peters and contract and related claims against Auto-Owners.

Peters moved to dismiss the complaint on the ground that plaintiffs' claims were barred by the Release Agreement, and Auto-Owners moved to dismiss on the ground that it was not subject to personal jurisdiction in New York. By memorandum decision and order entered March 20, 2019, the district court granted both motions. The court held that Peters was entitled to be dismissed from the action by virtue of the Release Agreement. With Peters dismissed from the lawsuit, the district court further held it could not exercise personal jurisdiction over Auto-Owners because the remaining contract dispute lacked any connection to the New York forum.

This appeal followed.

### STANDARD OF REVIEW

We review *de novo* a district court's grant of a motion to dismiss under Rules 12(b)(2) and 12(b)(6). *See Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019); *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Where the district court grants a Rule 12(b)(2) motion without an evidentiary hearing, we credit the plaintiff's averment of jurisdictional facts as true. *Metro. Life Ins.*, 84 F.3d at 567.

## *DISCUSSION*

Cory Dix agreed under the Release Agreement to "release, acquit, and forever discharge . . . Peters . . . from any liability . . . [stemming from the] September 29, 2016 . . . automobile accident." J. App'x at 97. Peters was a New York resident and was in an automobile accident in New York State. The Release Agreement was unambiguous and thus enforceable under New York law, *see VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 129 (2d Cir. 2001), and it released Peters from any further obligation arising from the automobile accident. *See also* Appellants' Br. at 23 ("It is undisputed that the [Settlement Agreement] provides Peters with a full release from all liability."). Thus, plaintiffs were barred from suing her in this action.

Notwithstanding the Release Agreement, plaintiffs claim that Virginia's UIM statute permits Peters's inclusion in the lawsuit. Virginia's UIM statute, as amended in 2015, allows for settlements with liability insurers without prejudice to a plaintiff's subsequent underinsured motorist claim -- under certain conditions. *See* Va. Code § 38.2-2206(L)-(M) (2015).[2] One such condition is that the settlement agreement require the tortfeasor to "cooperate with the underinsured motorist benefits insurer(s)," including by "attending [a] deposition and trial, if subpoenaed, . . . assisting in responding to discovery, . . . [and] meeting with defense counsel at reasonable times."

---

[2] Although the Virginia statute was amended again in 2019, the 2015 version of the statute controls in this case as the accident occurred in 2016.

Va. Code § 38.2-2206(L).  Here, the UIM statute does not apply because the Release Agreement did not contain the requisite language carving out Peters's obligation to cooperate with the UIM insurer.  And contrary to plaintiffs' suggestion, this failure cannot be cured by sending a belated notice to Peters.  Since the Release Agreement did not include these obligations, there are no obligations for which to provide notice.

The district court also did not err in granting Auto-Owners' motion to dismiss for lack of personal jurisdiction.  With Peters dismissed from the action, all that remained were contract and related claims between plaintiffs, Virginia residents, and Auto-Owners, an insurance company incorporated and headquartered in Michigan, arising from an insurance policy issued in Virginia.  Because plaintiffs failed to make a *prima facie* showing of personal jurisdiction over Auto-Owners in New York, *see Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015), the district court rightly held it lacked personal jurisdiction over Auto-Owners.  To the extent plaintiffs have any contract or related claims against Auto-Owners, the claims must be pursued in Virginia or Michigan.

\*   \*   \*

We have considered plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk